## UNITED STATES CIRCUIT COURT.

ENOCH RIESS *et al.* agt. HEMAN J. REDFIELD.

Where it appeared that the usual rate of commission at China, upon goods imported from there, was two per cent., *held*, that an additional charge of one-half per cent. therefor, at the custom-house, was error.

The *market value* of goods at the port of exportation is the criterion to govern the officers at the customs; and any discounts that may be made to the parties purchasing are not to be taken into the account.

*Appraisers* cannot add to the invoice value of goods, as a charge *for export duty* at the port of shipment, upon the ground that the invoice value is too low. If they regard the invoice value as too low, they must raise it by appraisal in the ordinary way.

*New - York, October,* 1859.
MOTION for judgment.

MR. GRISWOLD, *for plaintiffs.*
MR. HUNT, *for defendant.*

NELSON, C. J. This action is brought by the importers to recover an excess of duties paid under protest. The goods were imported from China. No question has been made upon the invoice value at the port of shipment; the objections are confined to the additional charges made at the custom-house, thereby increasing the dutiable value.

The first is, that half per cent. was added to the charge for commission at China, making them two and a half per cent. when the usual rate is only two per cent.

The proof in the case is full that two per cent. only was charged, and that it is the usual rate of commission. It was error, therefore, in adding the half per cent.

II. It is objected that the collector erred in striking from the invoice two per cent. discount from the invoice value, which discount is made to the purchaser of the goods, as this abatement in the price is generally made according to the usage of the trade in China. The answer to this objection is, that the market value at the port of exportation is the criterion to govern the officers at the customs; and any discounts that may be made to the parties purchasing are not to be taken into account.

These discounts may, and often do, depend upon the particular terms of the purchase.

There are cases which have been heretofore before the court, in which it appeared that the trade in the foreign country had agreed upon a rate of prices for certain classes of goods, and, as the price subsequently fluctuated, made a discount, if the price fell below, or an addition if it rose above the standard, as a mode of fixing the market value at the time. The court held, that an arbitrary rejection of the discount under the circumstances stated at the customs in ascertaining the dutiable value was erroneous. But the present case is altogether a different one, and not governed by the principle of that class of cases.

III. An addition was made by the appraisers to the invoice value as a charge for export duty at the port of shipment, which, as is shown in the case, had no existence.

This duty when not found in the invoice is paid by the seller of the goods to the government, and enters into the invoice value of the article. One of the appraisers, who is a witness in the case, admits that the invoice value was not raised by an appraisement; and that the addition of the export charges was made upon the idea that the invoice value of the goods was too low. This was an error. If the appraisers regarded the invoice value as too low, they could have raised it by appraisal in the ordinary way, which would have afforded the importer the right of appeal to the merchant appraisers, instead of adding an arbitrary and, as it appears, a fictitious charge for exportation.

The plaintiffs are entitled to a judgment for the excess arising from the claim of two and a-half instead of two per cent. commission, and also out of the charges for export duty. The amount to be settled by the clerk if the counsel do not agree upon it.

*S. F. Goodridge et als.* agt. *Heman J. Redfield; F. A. Chase et als.* agt. *The Same.* It is stipulated these cases shall abide the result in the above case. Judgment for the plaintiffs on the same principles.